**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

VICENTE SALCIDO III,

      Plaintiff,

    v.                                             No. CIV 13-0348 LH/LFG

STATE OF NEW MEXICO,
NEW MEXICO PUBLIC DEFENDERS OFFICE,

      Defendants.

<u>MEMORANDUM OPINION AND ORDER</u>

      This matter is before the Court, *sua sponte* under 28 U.S.C. § 1915(e)(2) and rule 12(b)(6) of the Federal Rules of Civil Procedure, on Plaintiff's civil rights complaint.  Plaintiff is incarcerated, appears pro se, and is proceeding in forma pauperis.  For reasons set out below, Plaintiff's complaint will be dismissed.

      The Court has the discretion to dismiss an in forma pauperis complaint *sua sponte* under § 1915(e)(2) "at any time if . . . the action . . . is frivolous or malicious; [or] fails to state a claim on which relief may be granted."  The Court also may dismiss a complaint *sua sponte* under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile."  *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (quoting *McKinney v. Oklahoma, Dep't of Human Services*, 925 F.2d 363, 365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In reviewing Plaintiff's pro se complaint, the

Court applies the same legal standards applicable to pleadings drafted by counsel but liberally construes the allegations. *See Northington v. Jackson*, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

The complaint names the State of New Mexico and its Public Defender Office as Defendants. Plaintiff alleges that the State failed to meet certain deadlines in his state criminal prosecution, and his attorney failed to object to the procedural violations. The complaint asserts that Defendants' actions violated Plaintiff's rights under the Fifth and Sixth Amendments and various state laws. For relief, the complaint seeks Plaintiff's release from "prosecution and imprisonment" as well as damages.

No relief is available in this civil rights action on Plaintiff's claims for which he seeks release from custody. As the Supreme Court of the United States has stated,

> Section 1983 authorizes a "suit in equity, or other proper proceeding for redress," against any person who, under color of state law, "subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution." . . . . Despite its literal applicability, however, § 1983 must yield to the more specific federal habeas statute, with its attendant procedural and exhaustion requirements, where an inmate seeks injunctive relief challenging the fact of his conviction or the duration of his sentence. Such claims fall within the "core" of habeas corpus and are thus not cognizable when brought pursuant to § 1983.

*Nelson v. Campbell*, 541 U.S. 637, 643 (2004) (citing 42 U.S.C. § 1983 and *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). Plaintiff must present his application for release from custody under the habeas corpus statutes, and the Court will dismiss these claims.

As to Plaintiff's claims for damages, the Court may not grant this relief against the State or its Public Defender Office. "[Plaintiff] has sued the state and its agency pursuant to § 1983; neither are 'persons' within the reach of § 1983. In these circumstances, the barrier is not Eleventh Amendment immunity--'[t]he stopper [is] that § 1983 creates no remedy against a State.'" *Prokop v. Colorado*, 30 F. App'x 820, 821 (10th Cir. 2002) (quoting *Arizonans for Official English v.*

*Arizona*, 520 U.S. 43, 69 (1997).  Plaintiff's allegations do not state claims for relief under § 1983 against the named Defendants and will be dismissed.

Plaintiff also asserts state law claims.  In view of the dismissal of his federal claims, the Court will not exercise supplemental jurisdiction, 28 U.S.C. § 1367(a) & (c), of the state law claims. The Court may "decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction."  § 1367(c), (c)(3).  Under § 1367(c), the Court declines to exercise jurisdiction of Plaintiff's state law claims, and the complaint will be dismissed.  *Cf. Steele v. Federal Bureau of Prisons*, 355 F.3d 1204, 1215 (10th Cir. 2003) (Hartz, J., concurring) ("dismissal with prejudice . . . might not preclude the plaintiff from proceeding in state court"), *abrogated on other grounds by Jones v. Bock*, 549 U.S. 199, 215-217 (2007).

IT IS THEREFORE ORDERED that Plaintiff's claims for release from confinement are DISMISSED without prejudice to his rights under the habeas corpus statutes; otherwise Plaintiff's complaint is DISMISSED with prejudice; and judgment will be entered.

_____
SENIOR UNITED STATES DISTRICT JUDGE

3